UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) V. ) ) DARRELL JONES, d/b/a GLENVIEW MARKET, ) ) ) Defendant. ) | Civil Action No. 6: 07-115-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Darrell Jones' ("Jones") motion to join Fisher Insurance Services, Inc. as a Plaintiff to this action [Record No. 6] and motion to dismiss for lack of subject matter jurisdiction. [Record No. 7] For the reasons discussed herein, the Court finds that Fisher Insurance Services, Inc. is a necessary party to this action and should be joined as a third party defendant pursuant to Rule 13(h) of the Federal Rules of Procedure. Further, the Court concludes that it has supplemental jurisdiction over these claims as set forth in 28 U.S.C. § 1367. Therefore, the motion for joinder will be granted, in part, but the motion to dismiss will be denied.

**I.  Background**

Plaintiff Motorists Mutual Insurance Company ("Motorists Mutual") filed this declaratory judgment action on April 6, 2007, seeking a declaration regarding whether Jones, doing business as Glenview Market, is entitled to coverage under an insurance policy. The dispute between the

parties arises out of an incident that occurred at the Glenview Market on June 10, 2006, near London, Kentucky. On that date, unknown individuals attempted to steal diesel fuel from the market's fuel pumps. As a result of the attempted theft, diesel fuel was released into the environment. Jones filed a claim with Motorists Mutual seeking compensation for the cost of cleaning-up the diesel fuel.

In response to Motorists Mutual's complaint, Jones filed several pleadings on April 30, 2007, including an answer, a motion for joinder of Fisher Insurance Services, Inc. ("Fisher") as a plaintiff, a motion to dismiss, and a counterclaim against Motorists Mutual. The motion for joinder and motion to dismiss have now been fully briefed by the parties and are submitted for this Court's review.

## II.    The Parties' Arguments

In support of the motion for joinder, Jones asserts that Fisher should be joined as a plaintiff because it "acted as Motorist Mutual's agent in the sale of [their] policy and warranted certain coverages which would be applicable to the subject incident." [Record No. 6] As such, Jones argues that Fisher is "liable and binds the principal to the extent that the coverage is now deficient." [Record No. 6] Jones contends that joinder is proper because Fisher is a necessary and indispensable party. Moreover, he asserts that, because the joinder of Fisher (a Kentucky corporation) would destroy subject matter jurisdiction, the Court should dismiss this action. [Record No. 7]

In response, Motorists Mutual contends that Fisher is not a necessary party because its presence is "not necessary to determine Motorists' obligations under the insurance policy it

issued to [Jones]." [Record No. 9]  According to Motorists Mutual, all parties can fully litigate their claims and complete relief can be afforded to them.  Alternatively, Motorists Mutual contends that even if Fisher is a necessary party, the Court is not required to dismiss this action because it can exercise supplemental jurisdiction over Jones' claims against Fisher.

### III.     Analysis

The complaint filed by Motorists Mutual alleges that jurisdiction in this case is based on diversity under 28 U.S.C. § 1332 because this is a suit between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Diversity jurisdiction requires that a plaintiff be a citizen of a different state than all defendants.  A corporation has dual citizenship in both its state of incorporation and in the location where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Although Motorists Mutual has failed to alleged its place of incorporation, its complaint provides that its principal place of business is Ohio.  Jones is a citizen of Kentucky.  Thus, the original parties to this action are completely diverse.[1]

As noted above, Jones seeks to join Fisher as a plaintiff in this action.  According to Jones' counterclaim, Fisher is a Kentucky corporation with its principal place of business in Kentucky.  Jones has also moved the Court to dismiss this action, claiming that Fisher, a necessary and indispensable party, must be joined but because its joinder would divest this Court of subject matter jurisdiction, this action should be dismissed.

---

[1]     The parties have not disputed that Motorists Mutual and Jones are diverse for jurisdictional purposes.  Thus, the Court will assume for purposes of the current motion that Motorists Mutual has a state of incorporation other than Kentucky.

As a general rule, jurisdiction is determined at the time a case is filed. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006) (citing *Smith v. Sperling*, 354 U.S. 91 (1957)). The court may not be divested of jurisdiction by subsequent events such as a change in citizenship of the parties or a reduction in the amount in controversy below the jurisdictional amount. *See Jones v. Knox Exploration Corp.*, 2 F.3d 181 (6th Cir. 1993); *Klepper v. First American Bank*, 916 F.2d 337, 341 (6th Cir. 1990). There are two exceptions to determining diversity at the time a suit is filed. First, the court's realignment of the parties may destroy diversity. Second, joinder or intervention of a nondiverse, indispensable party *may* destroy diversity. *See Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F. Supp. 2d 870 (E.D. Mich. 1999) (emphasis added).

However, in addition to original jurisdiction, federal courts have supplemental jurisdiction under 28 U.S.C. § 1367, which allows the assertion of claims that do not independently come within the jurisdiction of the district court but form part of the same case or controversy. *Jinks v. Richland County*, 538 U.S. 456, 458 (2003). Specifically, § 1367 provides that, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Section 1367(b) excludes certain claims from the court's supplemental jurisdiction. Specifically, the statute provides that, in situations where the court's original jurisdiction is based on diversity, the district court will *not* have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24" when "exercising supplemental

jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

In order to ascertain whether this Court would have supplemental jurisdiction over Jones' purported claims against Fisher, the Court initially must determine the manner in which Fisher would become a party to this action. On April 30, 2007, Jones moved this Court to join Fisher as a plaintiff. However, Jones failed to indicate the particular rule of civil procedure that would allow for such joinder. Based on the allegations contained in Jones' counterclaim, it is apparent that it seeks to assert claims against Fisher pursuant to Rule 13(h) of the Federal Rules of Civil Procedure, which provides that "[p]ersons other than those made parties to the original action may be made parties to a counter-claim or cross-claim in accordance with the provisions of Rules 19 and 20." Fed.R.Civ.P. 13(h). Fisher cannot be joined as a plaintiff in this action without realignment of the parties which is not appropriate in this case. *See Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 471 (6th Cir. 1952) ("It is the duty of the Court to look beyond the pleadings and arrange the parties according to their real interests in the suit.")[2]

Rule 19 addresses the issue of joinder of persons needed for just adjudication. In *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001), the Sixth Circuit established a three-step analysis to determine whether a case should proceed in the absence of a particular

---

[2] The Sixth Circuit has adopt the "primary purpose" test in determining the proper alignment of the parties in an action. This test mandates that parties be aligned in accordance with the primary dispute in the controversy. *See U.S. Fid. and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). The primary dispute in this case is between Motorists Mutual and Jones, inasmuch as Motorists Mutual filed this action seeking a declaration of the scope and nature of obligations that it owed to Jones. Fisher should not be aligned as a plaintiff in this action because it has "no common dispute" against Jones with Motorists Mutual. *Id.* at 1091. In fact, it appears that Motorists Mutual and Fisher may ultimately have adverse interests against one another and against Jones. Thus, under the "primary purpose" test, realignment of the parties is not proper in this case.

party. First, the court must determine whether the absent "person is necessary to the action and should be joined if possible." *Id.* (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763- 64 (6th Cir. 1999)). If the court determines that a party is necessary, it must next determine whether the party is subject to personal jurisdiction and can be joined without destroying the basis for subject matter jurisdiction. *Id.* (citing *Keweenaw Bay Indian Cmty. v. Mich.*, 11 F.3d 1341, 1345-46 (6th Cir. 1993)). If the party cannot be joined without destroying subject matter jurisdiction, then the court must determine, in light of the four factors described in Rule 19(b), whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed. *Id.* (citing *Soberay Mach. & Equip. Co.*, 181 F.3d at 764). "Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction." *Id.* If a court determines at the first step that the absent "person is not 'necessary' to the action, no further analysis, and no joinder, is needed." *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 148 (S.D. Ohio. 2002) (citing *Local 670, United Rubber, Cork, Linoleum & Plastic Workers of Am. v. Int'l Union*, 822 F.2d 613, 618 (6th Cir. 1987)).

Based on Jones' allegations, it appears that Fisher is a necessary party. Jones has alleged that Fisher's presence is necessary to its defense, stating that even if the Court determines that there is no coverage under the policy, Motorists Mutual and/or Fisher, as an agent for Motorists Mutual, are liable because Fisher made "warranties and representations" to "solicit[] [its] business." Jones further asserts that Fisher "knew or should have known of [its] need to insure against the sudden discharge of such substances." [Record No. 6] Jones' claims against Fisher

are based on a theory of agency liability.  Under Kentucky law, an insurer, as principal, can be held liable for the acts of its agents acting within the scope of their authority.  *Pan-American Life Ins. Co. v. Roethke*, 30 S.W.3d 128 (Ky. 2000).  Therefore, if it is determined here that Fisher is Motorists Mutual's agent and that Fisher, acting within the scope of its authority, made misrepresentations to Jones to induce it to enter into a contract of insurance, then Motorist Mutual may be liable to Jones.  Without joinder of Fisher, the current parties to this action may not be able to obtain complete relief.  Moreover, adjudication of the claims without Fisher's presence may result in Fisher being unable to protect its interest in this lawsuit or, in the alternative, subject Fisher to the risk of incurring multiple or inconsistent obligations.  Therefore, the Court finds that Fisher is necessary party.

The Court also notes that Fisher can be joined without destroying the basis for subject matter jurisdiction, inasmuch as this Court can exercise supplemental jurisdiction over Jones' claims against Fisher.  Jones' purported claims against Fisher arise out of the same disputed insurance policy.  Jones purchased a Motorists Mutual Insurance Company policy from Fisher and Motorists Mutual now claims that the policy does not cover Jones' insurance claim.  Jones argues that the policy does provide coverage but that, even if it does not, Fisher, as Motorists Mutual's agent, made certain representations regarding the extent of the policy's coverage to induce it to purchase the policy.  Clearly, Jones' purported claims against Fisher "form part of the same case or controversy" as the declaratory judgment action filed by Motorists Mutual.  Thus, the requirements of 28 U.S.C. § 1367 are satisfied in this case.

This case does not fall within § 1367(b) because the claims asserted by Jones against Fisher are not claims by a *plaintiff*. Although Jones' claims against Fisher are against a person made a party under Rule 19, Jones is a *defendant* in this action. The term "plaintiff" in § 1367(b) refers to the original plaintiff in the action – not to a defendant that happens to be a counter-plaintiff, cross-plaintiff, or third party-plaintiff. *See Grimes v. Mazda North American Operations*, 355 F.3d 566 (6th Cir. 2004); *see also State Nat. Ins. Co., Inc. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004). As the Sixth Circuit has indicated,

> [t]he supplemental jurisdiction provision, 28 U.S.C. § 1367(b) states congressional intent to prevent original plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity. . . . [B]ecause defendants are involuntarily brought into court, their claims are not deemed as suspect as those of the plaintiff, who is master of his complaint.

*Grimes*, 355 F.3d at 572 (internal citations and quotation marks omitted).

Under the third *PaineWebber* factor, this Court is required to determine whether the party to be joined is indispensable. Jones argues that Fisher is an indispensable party because there is pending state court action that could result in inconsistent judgments. In particular, Jones notes that it has filed an action against Fisher in the Laurel Circuit Court seeking damages for "breach of warranties as well as errors and omissions committed in the solicitation of [its] business and the sale of the policy." Notably, the state court action was filed on June 8, 2007, after Motorists Mutual filed this action and after Jones filed its motion for joinder of Fisher. Inasmuch as it appears that Jones filed the pending state court action primarily to argue that there was a potential for inconsistent verdicts, the Court is not inclined to defer to the state court's resolution of this matter. In addition, and contrary to Jones' assertion, the threat of inconsistent

judgments does render Fisher an indispensable party such that this Court is required to dismiss this action. Because Fisher can be joined as a party without destroying the court's subject matter jurisdiction, the Court need not determine, under the last *PaineWebber* factor, whether Fisher is also an indispensable party as set forth in Rule 19(b).

### IV. Conclusion

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant Darrell Jones' motion for joinder [Record No. 6] is **GRANTED**, in part, and **DENIED**, in part. Fisher Insurance Services, Inc. will be joined as a third party defendant under Rule 13(h) of the Federal Rules of Civil Procedure.

2. Defendant Darrell Jones' motion to dismiss [Record No. 7] is **DENIED**.

This 17th day of July, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge