UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6: 07-115-DCR |
| V. | ) ) ) | **MEMORANDUM OPINION** |
| DARRELL JONES, d/b/a GLENVIEW MARKET, | ) ) ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Darrell Jones' Motion to Alter, Amend or Vacate this Court's July 17, 2007, Memorandum Opinion and Order. [Record No. 18]  Having reviewed the parties' briefs and the applicable law, the Court concludes that it should not exercise jurisdiction over Plaintiff Motorists Mutual Insurance Company's ("Motorists Mutual") claim for declaratory relief under the circumstances of the case.  Therefore, the Court will vacate its July 17, 2007, Memorandum Opinion and Order and will grant the Defendant's Motion to Dismiss, without prejudice to the action being re-filed in a state court of competent jurisdiction.  The remaining pending motion to join Fisher Insurance Services, Inc. as a party to this action will be denied as moot.

-1-

## I.      BACKGROUND

Motorists Mutual filed this action on April 6, 2007, seeking declaratory relief pursuant to 28 U.S.C. § 2201.  In its Complaint, Motorists Mutual requests a judgment in its favor concerning its obligation to provide coverage for claims made by the Defendant under various insurance policies.  The facts relating to the Complaint are relatively straight-forward.

On June 10, 2006, unknown individuals attempted to steal diesel fuel from the fuel pumps at the Glenview Market.  As a result of the attempted theft, diesel fuel was released into the environment.  The Defendant retained several third parties to assist in the clean-up of the spilled fuel.  In addition, various entities in the area adjacent to the market incurred costs as a result of the damaged allegedly caused by the fuel spill.  The Defendant filed a claim with Motorists Mutual seeking compensation for the damages it incurred as a result of the spill.  Subsequently, Motorists Mutual filed this action seeking a declaration that its insurance policies do not provide coverage for the claims made by the Defendant.  On April 30, 2007, in response to Motorists Mutual's complaint, the Defendant filed several documents, including an Answer, a motion to join Fisher Insurance Services, Inc. as a party, a motion to dismiss, and a counterclaim against Motorists Mutual.

The Court issued a Memorandum Opinion and Order on July 17, 2007, which addressed the pending motion to dismiss and motion for joinder.  Specifically, the Court granted the motion for joinder but denied the motion to dismiss, finding that the addition of Fisher as a party did not destroy the Court's subject matter jurisdiction.  On July 27, 2007, the Defendant filed a motion

to alter, amend or vacate the July 17, 2007, decision, claiming that the Court should refuse to exercise jurisdiction overt this declaratory judgment insurance coverage case.

## II.   DISCUSSION

Generally, to succeed on a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, a party must demonstrate either a clear error of law, newly discovered evidence, an intervening change in controlling law, or that relief is necessary to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). As the Sixth Circuit has noted, "[i]t is within the sole discretion of a court to determine if a prior ruling should be reconsidered. Thus, we decline to impose any conditions or limitations upon a court's power to review a prior ruling of [its own or of] another court." *EEOC v. United Ass'n of Journeymen & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

Notably, in the July 17, 2007, Memorandum Opinion and Order, the Court addressed whether it had subject matter jurisdiction over this action but failed to answer the additional question of whether it should *exercise* such jurisdiction. The Defendant contends that the Court should vacate its prior opinion because it would be an abuse of discretion to exercise of jurisdiction. Although the Defendant has made no claim that there has been a change in intervening law or newly discovered evidence on this issue, the Court notes that since it issued

the July 17, 2007, Order, the Sixth Circuit has addressed the precise issue of whether federal courts should exercise discretionary jurisdiction over federal declaratory judgment actions in insurance coverage cases such as this one. *See Travelers Indemnity Co. v. Bowling Green Professional Associates, PLC*, 495 F.3d 266 (6th Cir. 2007).

The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act "confers discretion on courts, not right on litigants" and "the propriety of issuing a declaratory judgment may depend on equitable considerations." *American Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (*citing Green v. Mansour*, 474 U.S. 64 (1985)). Accordingly, "[w]here complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate." *Id.*

In deciding whether to exercise jurisdiction over a declaratory judgment action, a court must first determine whether subject matter jurisdiction exists. *See Brotherhood Mutual Insurance Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 691 (E.D. Ky. 2002) (noting that "the Declaratory Judgment Act does not provide for its own subject matter jurisdiction; the plaintiff must establish that the district court has either diversity jurisdiction or federal question jurisdiction before the Court will entertain a declaratory action"). If the Court finds that subject matter jurisdiction does exist, it must then "evaluate whether this case is appropriate for declaratory judgment pursuant to the Declaratory Judgment Act." *Id.* at 692.

-4-

It is well-settled that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). Therefore, although this Court may exercise jurisdiction, it is clear that it is "under no compulsion" to do so. *Wilton*, 515 U.S. at 278; *see also* 28 U.S.C. § 2201(a).

The Sixth Circuit has identified several factors that a district court should consider in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act, including,

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Aetna*, 74 F.3d at 687 (*quoting Grand Trunk*, 746 F.2d at 326). However, this list of factors is not exhaustive, as "the Court must make a full inquiry into all relevant considerations." *Brotherhood*, 200 F. Supp. 2d at 692. Ultimately, the dispositive inquiries are "whether the judgment 'will serve a useful purpose in clarifying and settling the legal relationships in issue' and whether it 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Brotherhood*, 200 F. Supp. 2d at 692 (*citing Aetna*, 74 F.3d at 687). If "neither of these results can be accomplished, the court should decline to render the

-5-

declaration prayed." *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (*quoting* E. Borchard, Declaratory Judgments 299 (2d ed. 1941)).

In *Travelers Indemnity Co.*, 495 F.3d 266, the Sixth Circuit held that a district court abused its discretion when it exercised jurisdiction in an insurance coverage dispute. *Id.* at *1. In *Travelers*, Jonas Wampler received methadone treatment at Bowling Green Professional Associates, an out-patient drug facility. After treatment, he left in his car and hit a vehicle driven by Stephanie Caudill. Both drivers were killed. Caudill's estate filed a wrongful death action in state court against Bowling Green and the Wampler estate. In turn, Wampler's estate sued Bowling Green and the physician who administered the methadone treatment. Bowling Green, who was insured by Travelers Indemnity Co., sought insurance defense and indemnity from Travelers. Travelers agreed to defend Wampler temporarily under a reservation of rights, but filed a declaratory judgment action in federal court, seeking a declaration that it did not owe a duty to defend or indemnify Bowling Green in the underlying state court action.

In finding that the district court abused its discretion in exercising declaratory judgment jurisdiction, the Sixth Circuit analyzed the *Grand Trunk* factors to determine whether the district court properly retained jurisdiction over the action. With respect to the first factor, the court found that, while the district court's decision could settle the controversy between Bowling Green and its insurers in the declaratory judgment action, it would not resolve the controversy between the Wampler and Caudill estates and Bowling Green in the underlying liability case because the estates were not parties in the insurance coverage case. With respect to the second factor, the court held that, although resolution of the insurance coverage question would clarify

the insurers' obligation to defend Bowling Green in the state court case, it would do nothing to clarify the legal relationship between the parties in the state case because neither the Wampler nor the Caudill estates would be bound by the entry of a declaratory judgment.  The court found that the third factor was neutral because it found no evidence of procedural fencing.  The court further concluded that the fourth factor weighed against exercising jurisdiction since the state court was in a better position to apply and interpret state law.  Finally, the court found that the fifth factor weighed against exercising jurisdiction because the insurance companies could file either a state declaratory judgment action in state court, or an indemnity action at the conclusion of the underlying liability case.

As noted in the prior opinion, this Court is satisfied that diversity jurisdiction has been established.  However, after examination of the *Travelers* opinion and the *Grand Trunk* factors, the Court concludes that it would not be appropriate to exercise jurisdiction under the Declaratory Judgment Act under the circumstances of this case.  First, although a declaratory judgment would resolve the insurance coverage question at issue in this lawsuit and clarify the legal relationship between Motorists Mutual and the Defendant, it would not settle the controversy or "clarify the legal relationship" between the parties involved or who may be involved in the future in the underlying state action.  Significantly, those parties who may have incurred costs as a result of the June 10, 2006, incident at Glenview market may be potentially affected by a declaratory judgment on the insurance coverage question at issue in this case.  In particular, the Defendant notes it has been contacted by a number of parties that were involved in the clean-up of the diesel fuel who have indicated that they intend to file an action in state

court to recover damages. The Defendant further states that at least one party, the Wood Creek Water District, has moved to intervene in the pending state court action, seeking to recover its clean-up costs. Although these parties may be affected by the Court's declaratory judgment in this case, they would not be bound by the judgment because they are not parties to this action.

In arguing the this action would settle the controversy, Motorists Mutual attempts to distinguish the issues of first party coverage from those of third party coverage, claiming that it is only seeking "a declaration of its obligations under an insurance policy to its first party insured" and that "whether or not coverage exists under the policy for damages claims made by any third party as a result of the events set forth in the Plaintiff's Complaint is a separate issue from whether or not Motorists Mutual has any obligation to provide coverage under the insurance policy to Darrell Jones." [Record No. 20, p. 2] While the insurance policies in question may have different coverage provisions with respect to claims made by the Defendant verses claims made by third parties, the fact remains that there are underlying factual determinations that need to be resolved with respect to liability for damages relating to the diesel fuel spill in order to ascertain Motorists Mutual's obligations under its insurance policies with the Defendant. For example, while Motorists Mutual ultimately *may not* have an obligation to pay claims made by Darrell Jones, it *may* be required to provide him with a defense against claims made by other parties. Because "[t]hese facts would necessarily be developed at a trial of the tort action, and may have a direct bearing on the determination of whether the insuring clause of the [] policies, or the exclusions control [Motorists Mutual's] obligations," these issues would be more succinctly resolved in connection with the state court proceeding. *See Allstate*

*Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990) (noting that "[w]ithout any factual record, there is a real possibility that the district court's declaration of no coverage would conflict with a state court's determination of the coverage question after being informed of the facts"); *see also Brotherhood*, 200 F. Supp. 2d at 693 ("While different legal issues are presented in the federal and state court actions, the actions are still parallel 'in the sense that the ultimate legal determination in each depends on the same facts.'") (citations omitted). Accordingly, the Court is not convinced that this declaratory judgment action would serve a "useful purpose" in clarifying the legal relations at issue. *See Mercier*, 913 F.2d at 279 (noting that a declaratory judgment would "not serve a useful purpose in clarifying and settling the legal relations between the insurer and the insureds, because the policy exclusions can be applied only in the light of factual determinations that have not been made").

With respect to whether this declaratory judgment action is being used for "procedural fencing" or "to provide an arena for a race for res judicata," the Court notes that there are no facts which indicate that Motorists Mutual filed this action for an improper purpose. *Travelers*, 495 F.3d at 271. Therefore, the Court finds that this factor is neutral and does not weigh either in favor or against federal jurisdiction.

The fourth and fifth factors relate to whether the declaratory judgment would increase friction between state and federal courts and whether there is an alternative remedy to the declaratory judgment action. As noted in *Travelers*, "issues of 'insurance contract interpretation are questions of state law with which the [] state courts are more familiar and, therefore, better able to resolve.'" *Travelers*, 495 F.3d at 273 (citing *Bituminous Cas. Corp. v. J&L Lumber Co.*,

*Inc.*, 373 F.3d 807, 815 (6th Cir. 2004).  Given that the determination of insurance coverage in this case is essentially a state law issue, Motorists Mutual could presented its request for declaratory relief "in a separate action to the same court that will decide the underlying tort action." *Brotherhood*, 200 F. Supp. 2d at 693.  These facts weigh against this Court retaining federal jurisdiction over this action.  As the Sixth Circuit noted in *Allstate Insurance Co. v. Mercier*,  913 F.2d 273, 279 (6th Cir. 1990), "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Mercier*, 913 F.2d at 279.

Moreover, the state court would be better equipped to underlying liability issues that are at issue in this case.  Notably, the Defendant has asserted that even if there is no coverage under the plain language of his insurance policies that Motorists Mutual and/or Fisher, as an agent for Motorists Mutual, are liable, inasmuch as Fisher made "warranties and representations" to "solicit[] [its] business."  Specifically, the Defendant contends that Fisher "knew or should have known of [its] need to insure against the sudden discharge of such substances." [Record No. 6] Under Kentucky law, an insurer, as principal, can be held liable for the acts of its agents acting within the scope of their authority.  *Pan-American Life Ins. Co. v. Roethke*, 30 S.W.3d 128 (Ky. 2000).  Therefore, if it is determined here that Fisher is, in fact, Motorists Mutual's agent and that Fisher, acting within the scope of its authority, made misrepresentations to Jones to induce him to enter into a contract of insurance, then Motorist Mutual may be liable to Jones.

Because these underlying factual issues involve interpretation of Kentucky state law, the Court finds that the state court is the preferred forum for adjudicating these issues.  And, as this

Court has noted, "[t]o outweigh this state interest, 'more must be present than the desire of the insurance company to avoid the possibility of an unfavorable ruling in state court by convincing the federal court to rule first.'" *Brotherhood*, 200 F. Supp. 2d at 693. Motorists Mutual has not made such a showing in this case. Instead, Motorists Mutual generally contends that this Court is "equally capable of reviewing the relevant information" in this case as the state court. [Record No. 20, p. 7] Therefore, the Court finds that these factors weigh against retaining jurisdiction over this action.

### III.   CONCLUSION

A declaratory judgment from this Court will not serve a *useful purpose* in clarifying and settling the legal relationships in issue and will not terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Accordingly, it is hereby

**ORDERED** as follows:

1.      The Defendant's motion to alter, amend or vacate the July 17, 2007, memorandum opinion and order [Record No. 18] is **GRANTED**;

2.      The Defendant's motion dismiss [Record No. 7] is **GRANTED**. This action, including Defendant Darrell's Jones' counterclaim, is **DISMISSED**, without prejudice, and stricken from the Court's docket;

3.      The Plaintiff's motion to join Fisher Insurance Services, Inc. as a party [Record No. 6] is **DENIED**, as moot.

This 27th day of September, 2007.

 Signed By:

**_Danny C. Reeves_**

**United States District Judge**